UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**TERRY RAMIREZ**                                           **CASE NO.  2:22-CV-04797**

**VERSUS**                                                       **JUDGE JAMES D. CAIN, JR.**

**ATLANTIC CASUALTY INSURANCE CO**   **MAGISTRATE JUDGE LEBLANC**


## MEMORANDUM RULING

Before the court is a Motion for Summary Judgment [doc. 20] filed by defendant Atlantic Casualty Insurance Company ("Atlantic Casualty"). The motion is unopposed. Doc. 24.

## I.
### BACKGROUND

This suit arises from alleged damage to a residence located at 2026 7th Avenue, Lake Charles, Louisiana, in Hurricane Laura, which made landfall in Southwest Louisiana on August 27, 2020, and Hurricane Delta, which impacted the same area on October 9, 2020. Plaintiff, who was then represented by counsel from the law firm of McClenny Moseley & Associates, filed suit in this court against Atlantic Casualty on August 25, 2022, raising claims of breach of insurance contract and bad faith. Doc. 1. Therein he represented that he was the owner of the property represented at 2026 7th Avenue and that the property was insured under a policy issued by Atlantic Casualty. All cases filed by plaintiff's counsel were suspended due to concerns about misconduct committed by that firm. Docs. 4, 9. New counsel enrolled for plaintiff on July 11, 2023, and the stay was lifted. Doc. 14.

Atlantic Casualty now brings this motion for summary judgment, showing that plaintiff is not the owner of the insured property and is not listed as a named insured under the policy. Doc. 20. Accordingly, it requests that the court dismiss plaintiff's claims with prejudice. Plaintiff has submitted a notice of no opposition. Doc. 24.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable

to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III.
### LAW & APPLICATION

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Louisiana law provides that an insurance policy is a contract and that its provisions are construed using the general rules of contract interpretation in the Louisiana Civil Code. *Hanover Ins. Co. v. Superior Labor Svcs., Inc.*, 179 F.Supp.3d 656, 675 (E.D. La. 2016). "When the words of an insurance contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent and the courts must enforce the contract as written." *Sims v. Mulhearn Funeral Home, Inc.*, 956 So.2d 583, 589 (La. 2007) (citing La. Civ. Code art. 2046).

The policy at issue is a commercial lines policy that provides lessor's risk coverage to several dwellings, including the one at 2026 7th Avenue. Doc. 20, att. 3, pp. 5–6. Darrell and Shirley Crochet are listed as the named insureds. *Id.* According to Atlantic Casualty's records, they are also the owners of 2026 7th Avenue and plaintiff was a tenant at that address. Doc. 20, att. 4.

Page 3 of 4

The policy provides that certain individuals, such as employees, may be considered insureds in connection with the business run from that property. Doc. 20, att. 3, p. 49. However, there is no basis under the policy to consider that the tenant has an insurable interest in the immovable property. Accordingly, plaintiff cannot maintain a claim for breach of contract against Atlantic Casualty. In the absence of a valid contractual claim, plaintiff's bad faith claims must also fail. *E.g.*, *Estate of Nicholson v. Farmers Ins. Co.*, 555 F.Supp.2d 671, 676 (E.D. La. 2008) (citing *Clausen v. Fidelity and Deposit Co. of Md.*, 660 So.2d 83, 85 (La. Ct. App 1st Cir. 1995)).

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Summary Judgment [doc. 20] will be **GRANTED** and all claims in this matter will be **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** in Chambers on the 7th day of May, 2024.

JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**